UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 2:11-CV-13-BR

| | | |
|---|---|---|
| LINDA R. SHARP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| TOWN OF KITTY HAWK, | ) | |
| NORTH CAROLINA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on certain defendants' motions to dismiss.

Plaintiff's suit arises out of the defective construction of her house. Plaintiff previously

filed a similar action in this court on 15 November 2010 asserting claims under 42 U.S.C. § 1983

and North Carolina state law. The court dismissed the § 1983 claim with prejudice (based on the

applicable statute of limitations having expired) and dismissed the state law claims without

prejudice (based on declining to exercise jurisdiction under 28 U.S.C. § 1367(c)(3)). After that

dismissal, on 4 April 2011, plaintiff filed her complaint in the instant action, asserting solely

state law claims, many of which she alleged in the first action.

The majority of defendants have filed motions to dismiss pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure for lack of subject matter jurisdiction, among other grounds.

Plaintiff obtained two extensions of time to respond to defendants' motions to dismiss. (DE ##

92, 94.) On 10 June 2011, plaintiff filed a global response to the motions (DE # 95) and a

memorandum in support (DE # 96) along with a "First Amended Complaint" (DE # 97). Most

defendants subsequently filed motions to strike or to dismiss the amended complaint.

The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction.  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  Plaintiff's original complaint alleges that "[t]his court has jurisdiction over the instant action due to the diversity of the individuals and entities."  (Compl. ¶ 2.)  To sustain jurisdiction under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship.  Owen Equip. & Erection, Co. v. Kroger, 437 U.S. 365, 373 (1978).  In other words, a court lacks diversity jurisdiction if any party on one side of the controversy is a citizen of the same state as a party on the other side of the controversy.  Id.

Plaintiff alleges that she is a citizen of North Carolina (Compl. ¶ 4) and has sued numerous defendants, most of whom are also citizens of North Carolina (see id. ¶¶ 5–57).  Accordingly, complete diversity does not exist among the parties as required by 28 U.S.C. § 1332(a)(1).

In her response to the motions to dismiss, plaintiff states that the "amended complaint now pleads the basis of jurisdiction is a Federal Question, not a diversity of citizenship between the parties."  (Pl.'s Resp. Mot. Dismiss, DE # 95, at 1.)  The amended complaint does purport to state a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.  (Am. Compl., DE # 97,  ¶¶ 218-23.)  Also, it alleges that the court has federal question jurisdiction based on the RICO claim and has supplemental jurisdiction over the state law claims.  (Id. ¶¶ 6-7.)

However, the amended complaint was filed in violation of Rule 15 of the Federal Rules of Civil Procedure.  That rule allows a plaintiff to amend a complaint once as a matter of course within 21 days after service of the complaint or 21 days after service of a responsive pleading or

2

a Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Rule 15 requires any

amendment not permitted as a matter of course to be filed with either consent of the opposing

party or leave of court. Fed. R. Civ. P. 15(a)(2).

Plaintiff filed the amended complaint one and one-half months after service of the

complaint on the most recently served defendant (see DE # 21 (showing last service of complaint

on a defendant occurred 20 April 2011)) and one month after the most recently filed motion to

dismiss. Because she filed the amended complaint outside of the time period to amend as a

matter of course, plaintiff was required to obtain consent from defendants or obtain leave of

court. She did not do so. Thus, the filing of the amended complaint was procedurally improper.

Apparently recognizing this impropriety, plaintiff recently filed a "motion for leave to

amend complaint retroactively." (DE # 137.) The court is without authority to permit plaintiff

to amend her original complaint to assert the RICO claim. As another district court thoroughly

explains, this conclusion rests upon the interplay of Rule 15(a) and 28 U.S.C. § 1653:

> Section 1653 states: "Defective allegations of jurisdiction
> may be amended, upon terms, in the trial or appellate courts." Its
> predecessor was enacted to allow "limited jurisdictional
> amendments to cases in which diversity jurisdiction 'in fact existed
> at the time the suit was brought or removed, though defectively
> alleged.'" *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826,
> 831, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). Subsequently it
> was broadened "to expand the power to cure defective *allegations*
> of jurisdiction from diversity cases to all cases." *Id.* (emphasis
> added).
> The district court's power to authorize amendments to cure
> a competence problem under section 1653, and by extension under
> Rule 15(a), turns on the nature of the jurisdictional defect. Courts
> can "remedy inadequate jurisdictional allegations, but not
> defective jurisdictional facts." *Id.* at 831, 832 n.5, 109 S. Ct. 2218
> (citing *Pressroom Unions–Printers League Income Security Fund
> v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983))
> (emphasis added). In *Newman–Green*, the Supreme Court rejected

an interpretation of section 1653 that "would empower federal courts to amend a complaint so as to produce [subject matter] jurisdiction where none actually existed before." *Id.* at 831, 109 S. Ct. 2218. The reason for the limitation on the district court's power to authorize an amendment is apparent: never having had power to act in the matter, the court never had authority to permit an amendment to the complaint.

In *Pressroom Unions*, 700 F.2d 889, 893 (2d Cir. 1983), cited by the Supreme Court in *Newman–Green*, the court of appeals held that section 1653 cannot be used to add a new cause of action in order to establish federal subject matter jurisdiction. . . .

. . . .

There is a clear distinction between permitting the curing of technical defects in stating a basis for jurisdiction and providing of a jurisdictional basis where none previously existed. The latter is prohibited by section 1653, and, by implication, Rule 15(a). In *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157 (2d Cir. 1998), for example, the court of appeals for the Second Circuit found that complete diversity was lacking to support subject matter jurisdiction. In the complaint, plaintiff had pled diversity as the sole basis for subject matter jurisdiction. The court began its analysis by stating: "section 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a *new cause of action over which there is subject-matter jurisdiction for one in which there is not*." *Id.* at 161 (emphasis added). Nonetheless, the court allowed plaintiff to amend because the original complaint was in fact based on federal question jurisdiction; plaintiff's entire cause-of-action sounded in admiralty. The court pointed out that "admiralty jurisdiction is apparent from the face of the complaint" even though it was not stated as the basis for subject matter jurisdiction. *Id.* In allowing the amendment, the court merely permitted the plaintiff to correct a defective allegation of jurisdiction, not to state a new cause of action to create subject matter jurisdiction that did not exist when the original complaint was filed. *See also* Moore et al., *Moore's Federal Practice* § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, *if there is no federal jurisdiction, it may not be created by amendment*." (emphasis added)).

Falise v. American Tobacco Co., 241 B.R. 63, 65-67 (E.D.N.Y. 1999).

Plaintiff here, via amendment, is not attempting to correct her pleading of jurisdictional

facts, but rather, she seeks to assert an entirely new basis of subject matter jurisdiction which

was not evident from the allegations of her original complaint. To state a RICO claim, plaintiff

was required to allege facts in addition to those set forth in the original complaint. (See Am.

Compl., DE # 97, ¶¶ 1, 2, 3, 4, 218(1), (2), (3).) That plaintiff could have stated a RICO claim

in the original complaint is not evident from the allegations contained therein. As such, the court

lacks subject matter jurisdiction in the first instance and cannot grant plaintiff leave to amend the

complaint to state a federal claim. See Leonard J. Strandberg & Assocs. v. Misan Constr. Corp.,

No. 08CV2939, 2010 WL 1565485, *5-6 (E.D.N.Y. Apr. 19, 2010) (denying the plaintiff's

motion to amend the complaint to assert a RICO claim where the plaintiff originally asserted

only state law claims over which the court lacked diversity jurisdiction); Falise, 241 B.R. at 65-

67 (denying the plaintiffs' motion to amend the complaint to add a RICO claim where the

plaintiffs originally asserted only state law claims over which the court lacked "related to"

bankruptcy jurisdiction); cf. Connectu LLC v. Zuckerberg, 522 F.3d 82, 90-96 (1st Cir. 2008)

(finding that court had federal question jurisdiction where the plaintiff amended its complaint *as

of right* dropping diversity as the basis for subject matter jurisdiction and adding a federal claim,

thereby premising jurisdiction based on a federal question); Whitmire v. Victus Ltd., 212 F.3d

885, 888-90 (5th Cir. 2000) (holding district court abused its discretion in denying the plaintiff's

motion for leave to amend when "the requested amendments, which add neither new causes of

action, new parties, nor new substantive facts to the case, but merely state and support an

alternative pre-existing jurisdictional base").

Plaintiff's motion for leave to amend is DENIED, defendants' motions to dismiss are GRANTED, and defendants' motions to strike or dismiss the amended complaint are DENIED as moot. Plaintiff's complaint is DISMISSED, and the Clerk is DIRECTED to close the case.

**This 29 July 2011.**

_____

_____

**W. Earl Britt**
**Senior U.S. District Judge**

6