UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CV-13-BR

| LINDA R. SHARP, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF KITTY HAWK, | ) | |
| NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on multiple defendants' motions for sanctions or attorney's fees. Plaintiff has not filed any response to these motions, but she has filed an affidavit documenting the extensive sanctions awarded against her in the prior state proceeding arising out of the same facts. (See Aff., DE # 145.)

On 29 July 2011, on defendants' motions to dismiss, the court dismissed plaintiff's complaint and denied her motion for leave to amend the complaint. Following that order, the majority of defendants filed the instant motions.

The movants request that plaintiff be required to pay their attorney's fees and costs pursuant to 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure, and/or the court's inherent power.[1] Movants claim that plaintiff's complaint was filed for an improper purpose,

---

[1] Some of the motions also cite 42 U.S.C. § 1988 as support. However, the memoranda in support of those motions do not contain argument referencing § 1988. Furthermore, plaintiff's complaint did not assert any claim which would trigger § 1988's applicability. See 42 U.S.C. § 1988(b) (a reasonable attorney's fee may be awarded to the prevailing party "[i]n any action . . . to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. § 1681 et seq.], the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or
(continued...)

with intent to harass, and to needlessly increase the cost of litigation. The court examines the asserted grounds for sanctions in turn.

Title 28, United States Code, Section 1927 provides in relevant part that "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A literal construction of § 1927 renders its application limited to attorneys and not to *pro se* litigants like plaintiff. While the Fourth Circuit has not specifically addressed this question, the prevailing majority opinion among the district courts of this Circuit is that § 1927 does not apply to *pro se* litigants. See, e.g., Partain v. Reese, No. 3:09-2415-MBS, 2010 U.S. Dist. Lexis 84977, at *5-6 n.4 (D.S.C. July 13, 2010) (report and recommendation), adopted, 2010 U.S. Dist. Lexis 84979 (D.S.C. Aug. 16, 2010); Abbott v. Suntrust Mortg., Inc., No. 3:08cv665, 2009 U.S. Dist. Lexis 29265, at *18-21 (E.D. Va. Apr. 8, 2009); Balcar v. Bell & Assocs., LLC, 295 F. Supp. 2d 635, 639 (N.D. W. Va.), aff'd, 83 Fed. Appx. 519 (4th Cir. 2003); see also Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996); Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992), cert. denied, 507 U.S. 1043 (1993); but see Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). This court agrees with the prevailing majority and holds that § 1927 does not apply to *pro se* litigants. As such, § 1927 is inapplicable here.

---

[1](...continued)
[the Violence Against Women Act] . . . ."). Rather, plaintiff's complaint contained only state law claims and her purported amended complaint attempted to add a federal claim under 18 U.S.C. § 1961.

Movants also advance Rule 11 and the court's inherent authority as grounds for sanctioning plaintiff with attorney's fees. As this court recognized in ruling on the motions for sanctions or fees in plaintiff's earlier filed action,

> "[t]he signature requirement of Rule 11 imposes upon the signer the obligation to conduct a reasonable inquiry to determine that (1) it is not presented for an improper purpose, (2) the positions taken are warranted by existing law or a nonfrivolous change in the law, and (3) the document is well grounded in fact." In determining whether a signer (either a lawyer or a party proceeding pro se), has violated Rule 11, the court applies an objective standard of reasonableness. "Pro se pleadings are[, however,] granted a degree of indulgence not extended to lawyers when determining whether to impose monetary sanctions pursuant to Rule 11." . . . [T]he mere failure of a claim to withstand a motion to dismiss does not mandate sanctions under Rule 11.

Sharp v. Town of Kitty Hawk, No. 2:10-CV-61-BR, 2011 U.S. Dist. Lexis 80329, at *6 (E.D.N.C. July 22, 2011) (citations omitted) (some alterations in original). Rule 11 does not displace the court's inherent authority to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Balcar, 295 F. Supp. 2d at 640. However, the court should exercise such authority "with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Movants contend that plaintiff's filing of multiple lawsuits arising out of the same facts warrants sanctions. Plaintiff did previously assert claims against some of the defendants in state court, was unsuccessful, and was sanctioned for violating North Carolina Rule of Civil Procedure 11 with monetary sanctions and a pre-filing injunction. (Aff., DE # 145.) In this court, plaintiff initially sued most of the defendants here based on a purported violation of 42 U.S.C. § 1983 and for various state law claims. See Sharp v. Town of Kitty Hawk, No. 2:10-

3

CV-61-BR (E.D.N.C.). In that case, this court dismissed the § 1983 claim, declined to exercise jurisdiction over the state law claims (dismissing them without prejudice), and subsequently denied various defendants' motions for sanctions or for attorney's fees pursuant to 42 U.S.C. § 1988(b) and Rule 11. In the instant case, wherein plaintiff asserted solely state law claims, plaintiff's complaint was dismissed for lack of diversity of citizenship of the parties, and her motion to amend the complaint was denied on the ground that the court lacked jurisdiction in the first instance to rule on a motion to amend.

While plaintiff's complaint in this action was largely factually and legally duplicative of the one she filed in her earlier action here, such repetition does not rise to a level violative of "an objective standard of reasonableness" worthy of Rule 11 sanctions. Nor is it indicative of the bad faith and vexatious behavior necessary to invoke the court's inherent power to sanction.

Even if this court were to award sanctions based on plaintiff's conduct, any such award would likely pale in comparison to the amount movants estimate as their attorney's fees, which is approximately $62,000. First, as set forth in the verified complaint and plaintiff's affidavit, the state court has sanctioned her a significant amount, nearly $80,000, half of which was apparently imposed *after* she filed her first action in this court. (Compl., DE # 1, ¶ 144; Aff., DE # 145.) Executions of the state judgments of sanctions have begun. (Aff., DE # 145.) Plaintiff has had the forced sale of her "second home" and a vehicle. (Id.) Also, she apparently had to pay one of the judgments– constituting $10,000– to avoid the forced sale of her office building. (Id.) While the court is not aware of the circumstances surrounding plaintiff's financial condition, any sanctions imposed should not push her "into financial ruin." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999), cert. denied, 529 U.S. 1033 (2000). The court is fairly

4

Case 2:11-cv-00013-BR   Document 163   Filed 11/14/11   Page 4 of 6

certain, now that it is evident the parties intend to fully execute on the state court judgments on the sanctions, plaintiff has been sufficiently deterred from the filing of another suit regarding her defective home.

Second, some of the movants' estimated fees (i.e., those in excess of $15,000) seem high in light of the limited progress of this case, and thus the estimates appear to include fees associated with plaintiff's earlier filed action in this court and/or with the state court proceeding. Awarding more than those fees associated with defending *this* complaint and prosecuting the motions to dismiss would be improper. See Fed. R. Civ. P. 11(c)(4) ("The [Rule 11] sanction may include . . ., if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses *directly resulting from the violation*." (emphasis added)).

For the aforementioned reasons, the motions for sanctions or attorney's fees are DENIED.[2]  PLAINTIFF IS HEREBY WARNED THAT IF SHE FILES ANOTHER ACTION IN THIS COURT REGARDING THE SAME SUBJECT MATTER AS THIS ACTION, ANY SUCH ACTION MAY BE DISMISSED AND ADDITIONAL SANCTIONS, INCLUDING

---

[2] In addition to the reasons set forth above, as to the motions filed on or after 23 August 2011, they are denied due to their untimeliness. See Fed. R. Civ. P. 54(d)(2)(B) (motion for attorney's fees must be filed within 14 days after entry of judgment).

ATTORNEY'S FEES, MAY BE IMPOSED.

This 14 November 2011.

                                                                                                          */s/ W. Earl Britt*
                                                                                                          W. Earl Britt
                                                                                                          Senior U.S. District Judge